IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Criminal Action No. 3:99CR23-3
(Judge Broadwater)

RICARDO DELESPIN,[1]

Defendant.

# REPORT AND RECOMMENDATION

## I. PROCEDURAL HISTORY

On December 4, 2002, Ricardo Delespin ["Delespin"] filed a " Motion Pursuant to 18 U.S.C. §3582(c)(2) To Modify Sentence." On December 13, 2002, the Government filed a response to Delespin's motion, and on December 30, 2002, Delespin filed a reply.

This matter is pending before me pursuant to the December 16, 2002 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge.

## II. FACTS

On March 17, 2000, the Court sentenced Delespin to 144 months incarceration to run concurrently on Counts 3, 9 and 10. Delespin did not file an appeal. However, on February 26, 2001, he filed a motion pursuant to 28 U.S.C. §2255 in which he alleged ineffective assistance of counsel because his counsel failed to file an appeal. By order dated March 11, 2002, the Court granted Delespin's motion to vacate his sentence, and in April 2002, the Court imposed the same

---

[1] While the defendant signed the motion as "Ricardo Delespin" and referred to himself by that name throughout the motion, the criminal action number is under the name "Ricardo Delestin."

sentence as was previously entered. Thereafter, on April 29, 2002, Delespin filed a notice of appeal.[2]

Subsequently, on December 4, 2002, Delespin filed a Motion Pursuant to 3583(c)(2) to Modify Sentence. According to Delespin, his sentence should be reduced because pursuant to U.S.S.G. §3B1.2, which was amended in November 2002, he has an offense level of 30 and he is entitled to a downward departure for his minor role in the offense.

The Government asserts that while Delespin references U.S.S.G. §3B1.2[3] he is actually relying on U.S.S.G. §2D1.1[4] as amended on November 1, 2002. According to the Government, Amendment 640 does not apply retroactively. The Government further asserts that Delespin's motion is untimely because he failed to raise the issue at sentencing. Lastly, the Government asserts that Delespin is not entitled to a reduction because the facts reveal he had more than a minor role in the offense.

On December 30, 2002, Delespin argued that his attorney was ineffective for failing to request the application of U.S.S.G. §3B1.2.

---

[2] By decision dated January 8, 2003, the Fourth Circuit Court of Appeals affirmed Delespin's sentence.

[3] U.S.S.G. § 3B1.2 provides:

Based on the defendant's role in the offense, decrease the offense level as follows:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

[4] 2D1.1(a)(3), as amended provides: (a) Base offense level (apply the greater); (3) "the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30."

As discussed below, I recommend that Delespin's motion be **DENIED**.

### III. ANALYSIS

Pursuant to 18 U.S.C. §3582(c)(2), the court may not modify a term of imprisonment once it has been imposed except that–

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon the motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[5]

See also United States v. Legree, 205 F.3d 724 (4th Cir. 2000), cert. denied, 531 U.S. 1080 (2001).

Section 3852(c)(2) applies only to amendments that the Sentencing Commission has

---

[5]According to 18 U.S.C. § 3553(a), a court shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

indicated apply retroactively and has listed in U.S.S.G. §1B1.10(c). United States v. Drath, 89 F.3d 216 (5th Cir.1996). If an amendment is not listed in U.S.S.G. §1B1.10(c), the retroactive application of such amendment is not authorized. U.S.S.G. §1B1.10(a); Drath, 89 F.3d at 218.

However, the Fourth Circuit Court of Appeals has held that clarifying amendments may be applied retroactively when the amendment takes effect before the defendant is sentenced and an earlier version of the guidelines is used for sentencing, or while the defendant's appeal is pending, even though the amendment is not listed in U.S.S.G. §1B1.10. United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995).

Both U.S.S.G. §§2D1.1 and 3B1.2 were revised by Amendment 640. Specifically, §2D1.1 was "amended by striking 'below' and inserting, 'except that if the defendant receives an adjustment under § 3B1.2 (Mitigating Role), the base offense level under this subsection shall not be more than level 30.'" Section 3B1.2 was amended by the following being added to the commentary of the Application Notes:

> 6. Application of Role Adjustment in Certain Drug Cases. - In a case in which the court applied §2D1.1 and the defendant's base offense level under that guideline was reduced by operation of the maximum base offense level in §2D1.1(a)(3), the court also shall apply the appropriate adjustment under this guideline.

However, U.S.S.G. §1B1.10 provides Amendment 640 is not a retroactive amendment. Further, while Amendment 640 became effective during the pendency of Delespin's appeal, he is not entitled to retroactive application of Amendment 640 because the amendment is a substantive, not a clarifying amendment. See United States. v. Carter, 2003 WL 1904041 (D. Kan. 2003).

Accordingly, Delespin is not entitled to retroactive application of Amendment 640 and his motion for reduction of sentence should be denied.

4

## IV. RECOMMENDATION

Based upon the foregoing, I recommend that Delespin's motion be **DENIED**. Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[6]

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to all parties appearing herein.

Dated: July 23, 2003

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

5