IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**RICARDO DELESPIN,**
  **Petitioner,**

v.                                    **CRIMINAL ACTION NO. 3:99CR23-3**
                                      **(BROADWATER)**

**UNITED STATES OF AMERICA,**
  **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S MOTION TO CORRECT SENTENCE

The above styled matter is now before the court pursuant to petitioner's February 7, 2005 motion for correction of sentence pursuant to Federal Rule of Criminal Procedure 35. For the reasons stated below, the court determines petitioner's motion should be and is hereby denied.

On October 27, 1999 petitioner plead guilty to two counts of aiding and abetting the distribution of crack cocaine and one count of distribution of crack cocaine. On March 17, 2000, the petitioner was sentenced to 144 months in prison for each count, with all three terms to run concurrently. Petitioner did not file an appeal. On February 26, 2001 the petitioner filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel based upon the attorney's failure to file an appeal after petitioner asked him to do so. On March 11, 2002, the court granted petitioner's § 2255 motion, and the petitioner was re-sentenced on April 25, 2002. At that time the court imposed the same sentence previously imposed and an Amended Judgment and Commitment Order was entered (Docket # 220). On April 29, 2002 petitioner filed a Notice of Appeal. On November 7, 2002 a Second Amended Judgment and Commitment Order (Docket # 229) was entered to correct a clerical error. However, such filing did not affect petitioner's sentence in any way. On February 3, 2003, the United States Court of Appeals for the Fourth Circuit affirmed the petitioner's sentence. *See* U.S. v.

Delestin, 54 Fed. Appx. 165 (4th Cir. 2003). On March 28, 2003, the Fourth Circuit denied petitioner's request for rehearing and rehearing en banc. (Docket # 239).

On December 4, 2002, while his appeal to the Fourth Circuit was still pending, petitioner also filed a Motion to Modify his Sentence (Docket #230) pursuant to 18 U.S.C. § 3582(c)(2), alleging his sentence should be reduced pursuant to the amendment of U.S.S.G. § 3B1.2. Petitioner claimed he had an offense level of 30 and should be entitled to a downward departure for having a minor role in the offense. On July 23, 2003, United States Magistrate Judge James E. Seibert issued a Report and Recommendation that petitioner's motion be denied, finding that petitioner is not entitled to retroactive application of the amendment to the Guidelines. (Docket # 241). No objections were filed as to the Report. However, this Court failed to ever issue an Order adopting or denying the July 23, 2003 Report and Recommendation was ever completed. On February 7, 2005, petitioner filed the instant motion. Although docketed as a motion for appointment of counsel, the motion actually requests the Court correct his sentence pursuant to Federal Rule of Criminal Procedure 35. The Court will now address the July 23, 2003 Report and Recommendation as to the petition under 18 U.S.C. § 3582(c) and petitioner's Rule 35 motion in turn.

**A.** **Petitioner's Petition Pursuant to 18 U.S.C. § 3582(c)**

The Court **FINDS** the Magistrate Judge's Report and Recommendation (Docket 241) should be and is hereby **ADOPTED** and that petitioner's motion under 18 U.S.C. § 3582(c) (Docket 230) should be **DENIED** for the reasons set forth in the Report.

**B.** **Petitioner's Rule 35 Motion to Correct Sentence**

Petitioner alleges he should be re-sentenced to have the "proper weight of drugs attributed to him." He claims he stipulated to being responsible for 1.45 grams of cocaine but was sentenced

for 70 grams. The court finds it is unable to modify petitioner's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Rule 35 allows a court to correct a defendant's sentence (1) within 7 days after sentencing, where the correction addresses an arithmetical, technical, or other clear error; or (2) upon the Government's motion for substantial assistance. The Government has not moved to reduce petitioner's sentence, more than 7 days have passed since Delepsin's re-sentencing of April 25, 2002,[1] and Delespin has not alleged any arithmetical, technical, or other clear error in his sentence. Thus, Rule 35 does not apply, and the court is precluded from modifying petitioner's sentence pursuant to Rule 35.

The petitioner further asks the court to re-sentence him in accordance with Blakely v. Washington, 124 S.Ct. 2531 (2004). With regard to state sentencing guidelines, Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537(citations omitted).

The Supreme Court has recently applied Blakely to the federal sentencing guidelines as well. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence imposed based on jury fact finding. In the second part of its decision, the Supreme Court made the federal sentencing guidelines advisory only and established an unreasonableness standard of review for sentences on

---

[1] The sentenced is imposed for Rule 35 purposes when it was "orally pronounced in open court." United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997).

appeal.

While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively to collateral review. *See* Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, the Court finds that neither Blakely nor Booker apply retroactively to petitioner's sentence. Therefore, petitioner's motion is denied as set forth under both Fed. R. Crim. P. 35 and Blakely.

The court thus **ORDERS**

1) the Magistrate Judge's Report and Recommendation (Docket # 241) is **ADOPTED**;

2) petitioner's petition (Docket # 230) is **DENIED and DISMISSED WITH PREJUDICE** based on the reasons set forth in the Magistrate Judge's Report and Recommendation;

3) petitioner's motion pursuant to Fed. R. Crim. P. 35 (Docket # 242) is **DENIED**; and

4) this action is hereby **STRICKEN** from the active docket of this court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this 2nd day of November, 2005.



W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE